## Commonwealth v. Wilkinson

*Thomas F. Morgan,* for Commonwealth.

*James A. Naddeo* and *Samuel F. Rizzo,* for defendant.

REILLY, *P.J.,* May 3, 1978—Defendant above-named was charged before a district magistrate with a summary offense under the Pennsylvania Unemployment Compensation Law of December 5, 1936, Second Sp. Sess. P.L. [1937] 2897, 43 P.S. §751 et seq. At the conclusion of the Commonwealth's case in that level, the magistrate sustained a demurrer by defense counsel from which the Commonwealth did not appeal. Subsequently, a second complaint was executed before the same magistrate charging the same violation to which

the demurrer had previously been sustained. The magistrate scheduled hearing on the second complaint and neither defendant nor his counsel appeared. The Commonwealth presented its case and defendant was found guilty. Defendant then perfected an appeal for this court and now moves to quash the proceedings on the basis that the Commonwealth cannot proceed to file a second complaint for a summary offense.

This court must agree. We are of the opinion that the Commonwealth's proper procedure would have been to appeal from the magistrate's decision granting defendant's demurrer on the first action rather than filing a second complaint. This court in Com. ex rel. Pennsylvania Game Commission v. Robert Hughes, No. 74-54-CRA, specifically held that the Commonwealth has the right to appeal from the dismissal of a summary complaint, and such is the procedure that should have been followed in the instant case.

The Commonwealth argues that under Pa.R.Crim.P. 141 a second complaint may be filed. This court has no argument with Pa.R.Crim.P. 141, but must point out that said rule applies to procedures in court cases as opposed to the proper procedure involving summary offenses. For this reason, this court is of the opinion that the Commonwealth's proper remedy was to appeal from the decision of the magistrate, rather than filing a second complaint and therefore issues the following

## ORDER

Now, May 3, 1978, it is the order of this court that defendant's motion to quash the proceedings in the above-captioned matter is granted and defendant released from any liability thereunder.